**In re LONGHORN SECURITIES LITIGATION.**

No. 525.

Judicial Panel on Multidistrict Litigation.

Dec. 23, 1982.

As Corrected. Jan. 6, 1983.

---

Before ANDREW A. CAFFREY, Chairman, and ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP,* ROBERT H. SCHNACKE, FRED DAUGHERTY,* and SAM C. POINTER, Jr., Judges of the Panel.

TRANSFER ORDER

PER CURIAM.

This litigation consists of 61 actions pending in seventeen districts as follows:

---

* Judge Fred Daugherty recused himself and took no part in the decision of this matter. In addi-

tion, Judge Edward S. Northrop took no part in the decision of this matter.

| | |
|---|---|
| District of Colorado | 10 |
| Western District of Oklahoma | 9 |
| Northern District of California | 6 |
| Northern District of Illinois | 5 |
| Eastern District of Wisconsin | 5 |
| District of Nebraska | 4 |
| District of Hawaii | 3 |
| Eastern District of Michigan | 3 |
| Eastern District of Missouri | 3 |
| District of New Mexico | 3 |
| District of Kansas | 2 |
| Southern District of New York | 2 |
| District of Wyoming | 2 |
| District of Idaho | 1 |
| Eastern District of Pennsylvania | 1 |
| Northern District of Texas | 1 |
| District of Utah | 1 |

Presently before the Panel are two motions, pursuant to 28 U.S.C. § 1407, to centralize actions in this litigation in a single district for coordinated or consolidated pretrial proceedings. The first motion before the Panel is brought by a group of twenty defendants (the Longhorn parties), which can be categorized as follows: 1) five corporate entities (the Longhorn corporations); 2) eight limited partnership oil and gas drilling programs (the Longhorn programs), created and operated by the Longhorn corporations; and 3) seven present or former officers or directors of the Longhorn corporations. The Longhorn parties seek to centralize actions in this litigation in the Southern District of Texas. The second motion before the Panel is brought by the Federal Deposit Insurance Corporation (FDIC), a defendant in numerous actions in this litigation. FDIC seeks to centralize actions in this litigation in the Western District of Oklahoma.[1]

On the basis of the papers submitted and the hearing held, the Panel finds that 59 of the 61 actions before it raise common questions of fact and that centralization of these 59 actions in the Western District of Oklahoma will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.[2] These 59 actions share numerous factual questions relating to the promotion and sale of limited partnership interests in the Longhorn programs. In addition, many of these actions, in various combinations, involve common factual questions concerning financing of the Longhorn programs and/or alleged fraudulent conduct of the Longhorn parties and the Penn Square Bank, N.A. of Oklahoma City in connection with those programs. Centralization of these actions under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Western District of Oklahoma, the Southern District of Texas and the District of Colorado have been suggested by various parties to these actions as possible transferee forums for this litigation. We are persuaded that the Western District of Oklahoma, the district favored by the

---

1. Taken together, the Longhorn parties' motion, as amended, and FDIC's motion, as amended, seek centralization of 64 actions. Included among these actions are two actions— *GEOPET, et al. v. Longhorn Oil Gas Co., et al.,* E.D.Michigan, C.A. No. 82–72567; and *Kenneth O. Belby, et al. v. Utica National Bank & Trust Co.,* W.D.Oklahoma, C.A. No. 82–922–B —which have been dismissed by orders of the respective courts. In addition, a third action— *John R. Serhend, et al. v. Greeley National Bank, et al.,* D.Colorado, C.A. No. 82–CV–528 —was apparently improperly included on FDIC's motion, in that no such action is pending in the District of Colorado under that docket number. Accordingly, the two motions, as amended, encompass a total of 61 actions presently pending in federal district courts.

The Panel has been advised that numerous other related actions are now pending in federal district courts. These actions will be treated as potential tag-along actions. *See* Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278–80 (1981).

2. Two actions—*CEPO, et al. v. Longhorn Gas Programs, Inc., et al.,* D.Colorado, C.A. No. 81–Z–2152; and *Sidney Lieberman v. Penn Square Bank, et al.,* E.D.Pennsylvania, C.A. No. 82–3373—are excluded from the transfer ordered herein. Counsel for the parties in *Lieberman* have represented, at oral argument on this matter, that an order voluntarily dismissing *Lieberman* will be entered in the near future. Similarly, counsel for the parties in *CEPO* have represented, at the oral argument, that settlement has been reached in *CEPO* and that dismissal of that action is imminent. In reliance upon these representations, we conclude that transfer of *Lieberman* and *CEPO* at this time would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

greatest number of responding parties, is clearly the most preferable transferee forum. Many of the activities at issue in these actions allegedly occurred at defendants' offices located in the Oklahoma City area, and therefore many of the relevant documents and witnesses are likely to be found in the Western District of Oklahoma.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. § 1407 of the actions entitled *CEPO, et al.v. v. Longhorn Gas Programs, Inc., et al.,* D.Colorado, C.A. No. 81–Z–2152; and *Sidney Lieberman v. Penn Square Bank, et al.,* E.D.Pennsylvania, C.A. No. 82–3373, be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pending in districts other than the Western District of Oklahoma, with the exception of *CEPO* and *Lieberman,* be, and the same hereby are, transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Luther B. Eubanks for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

SCHEDULE A

**District of New Mexico**

Carl Brown v. Longhorn Gas Programs, Inc., et al., C.A. No. 81–1017–C.

Conley G. Defferding, et al. v. Longhorn Gas Programs, Inc., et al., C.A. No. 82–553–M.

Jack Kennedy, et al. v. Longhorn Gas Programs, Inc., et al., C.A. No. 82–0643–HB.

**District of Colorado**

CEPO, et al. v. Longhorn Gas Programs, Inc., et al., C.A. No. 81–Z–2152 **

Fred B. Groves, et al. v. Longhorn Gas Programs, Inc., et al., C.A. No. 82–Z–1177

Inland Foods, Inc., et al. v. Longhorn Gas Programs, Inc., et al., C.A. No. 82–Z–1165

John H. Serhant v. Longhorn Gas Programs, Inc., et al., C.A. No. 82–Z–1230

J.M.J. Partnership, etc., et al. v. The Central Bank and Trust Co., et al., C.A. No. 82–C–1307

Four Square Investment Club, etc., et al. v. The Greeley National Bank, et al., C.A. No. 82–C–1305

John R.P. Wheeler v. The Central Bank and Trust Co., et al., C.A. No. 82–C–1306

Inland Foods, Inc., et al. v. Longhorn Gas Programs, Inc., et al., C.A. No. 82–1390

J.M.J. Partnership, etc., et al. v. Longhorn Gas Programs, Inc., et al., C.A. No. 82–1281

Inland Foods, Inc., et al. v. The Exchange National Bank, et al., C.A. No. 82–Z–1471

**Eastern District of Michigan**

Ralph Sophiea v. Longhorn Oil & Gas Co., et al., C.A. No. 82–73138

MOG Investors, et al. v. National Bank & Trust Co. of Ann Arbor, et al., C.A. No. 82–73563

Doylan B. Forney v. Longhorn Gas & Oil Co., et al., C.A. No. 82–73192

**Eastern District of Wisconsin**

Benjamin J. Free, etc. v. Longhorn Developmental Program Ltd., etc., et al., C.A. No. 82–C–1036

Gene Klurfeld v. Longhorn Developmental Program, Ltd., et al., C.A. No. 82–C–1038

Mary Jane K. Hanson v. Longhorn Developmental Program, Ltd., et al., C.A. No. 82–C–1123

Martin Siegel v. First Bank Milwaukee (N.A), C.A. No. 82–C–1124

Matt Meyer v. Longhorn Specified Property Drilling Programs, Ltd., et al., C.A. No. 82–C–1108

**Eastern District of Pennsylvania**

Sidney Lieberman v. Penn Square Bank, et al., C.A. No. 82–3373 **

** Pursuant to the accompanying order, transfer of this action has been denied.

### Western District of Oklahoma

Charles M. Williams, et al. v. Longhorn Gas Programs, Inc., et al., C.A. No. 82–1898

Edward G. Hirn v. Penn Square National Bank, et al., C.A. No. 82–949–T

American Bank & Trust, etc. v. Federal Deposit Insurance Corp., etc., et al., C.A. No. Civ–82–1292–E

D & G Enterprises, et al. v. Longhorn Oil & Gas Co., et al., C.A. No. 82–1415

Charles R. Gibbs, et al. v. Security Bank and Trust Co., et al., C.A. No. 82–1681

Jack Coleman, et al. v. Longhorn Developmental Program, Ltd., et al., C.A. No. 82–1529

Neal A. McCaleb v. Federal Deposit Insurance Corp., et al., C.A. No. 82–1528

William W. Cook, et al. v. Citizen's National Bank & Trust Co., C.A. No. 82–1679

F. Joseph Scharon v. Federal Deposit Insurance Corp., et al., C.A. No. 82–1575

### District of Utah

Alan F. Frank, et al. v. Longhorn Gas Programs, Inc., et al., C.A. No. C–81–0897J

### Northern District of California

Frank Thomas, et al. v. Penn Square National Bank, N.A., etc., et al., C.A. No. C82–4139–WTS

Robert R. Agnew, et al. v. Penn Square National Bank, etc., et al., C.A. No. C82–4138–RPA

Frank C. Lenahan, et al. v. Penn Square National Bank, etc., et al., C.A. No. C–82–4137–SAW

Arthur J. Shartiss, et al. v. Penn Square National Bank, N.A., et al., C.A. No. C82–4501–EFL

Robert R. Agnew, et al. v. Penn Square National Bank, N.A., et al., C.A. No. C–82–4452–SC

Norman Hinman, et al. v. Federal Deposit Insurance Corp., etc., et al., C.A. No. C82–4453–WAI

### District of Idaho

Edward G. Hirn v. First Interstate Bank of Idaho, etc. C.A. No. 82–1285

### District of Nebraska

Richard C. Kekeisen, et al. v. Northwestern National Bank, et al., C.A. No. 82–0–400

Edward E. Gatz, et al. v. Southwest Bank of Omaha, et al., C.A. No. 82–0–398

David N. Kettleson, et al. v. Northwestern National Bank, et al., C.A. No. 82–0–399

Harold H. Brandt, et al. v. The Omaha National Bank, et al., C.A. No. 82–0–397

### District of Wyoming

G. Bland Hoke, Jr., et al. v. First Wyoming Bank, etc., C.A. No. C–82–0314

Pacific Investments, et al. v. First Wyoming Bank, et al., C.A. No. 82–347

### Northern District of Texas

Laurella J. Milfeld v. Longhorn Oil & Gas Co., et al., C.A. No. CA4–82–385K

### District of Kansas

Richard E. Smith, et al. v. Longhorn Gas Programs, Inc., et al., C.A. No. 82–C–1728

Fran D. Jabara, et al. v. Kansas State Bank & Trust Co., et al., C.A. No. 82–1808

### Eastern District of Missouri

Laurence Avins v. County Bank of St. Louis, et al., C.A. No. 82–1531

Climate Engineering Corp. v. United Missouri Bank of St. Louis, et al., C.A. No. 82–1492

Arthur J. De Shelter v. The Mark Twain State Bank, et al., C.A. No. 82–1530

### Southern District of New York

CGZ Partnership, etc., et al. v. Longhorn Gas Program, Inc., et al., C.A. No. 82 Civ 4721 (LPG)

Arlene Roberts v. Longhorn Gas Programs, Inc., et al., C.A. No. 82 Civ 5766

### Northern District of Illinois

David C. Burnidge v. Federal Deposit Insurance Corp., et al., C.A. No. 82C5154

Roy Jackson, et al. v. Suburban National Bank of Woodfield, C.A. No. 82C5405

Ronald M. Semevolos v. First National Bank and Trust Co. of Rockford, C.A. No. 82C20158

Randolph G. Lundeen v. American National Bank and Trust Co. of Rockford, C.A. No. 82C20157

Timothy Brennan v. First National Bank of Freeport, C.A. No. 82C20152

### District of Hawaii

Ray L. Wilson v. Bank of Hawaii, C.A. No. 82–0515

Lyle L. Guslander, et al. v. Bank of Hawaii, C.A. No. 82–0516

James C. Wo, et al. v. First Hawaiian Bank, C.A. No. 82–0517